**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50525 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00463-AJB-1 |
| v. | |
| ISRAEL NAVA-ARELLANO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted April 7, 2016
Pasadena, California

Before: FERNANDEZ and BEA, Circuit Judges, and MENDOZA,** District
Judge.

Appellant Israel Nava-Arellano appeals from a conviction and final sentence

for improper entry by an alien in the United States in violation of 8 U.S.C. § 1325

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Salvador Mendoza, Jr., District Judge for the U.S. District
Court for the Eastern District of Washington, sitting by designation.

1

and for attempted reentry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b). We deny in part, vacate in part, and remand.

## I.

Appellant raised no credible argument that he suffered a due process violation during his 2012 expedited removal proceeding because he cannot show that relief in the form of withdrawal of his application for admission was plausible given the seriousness of his immigration violation and criminal history. *See United States v. Reyes-Bonilla*, 671 F.3d 1036, 1042 (9th Cir. 2012) (noting that we review de novo the denial of a § 1326(d) motion seeking to preclude reliance on a prior removal order). By 2012, Appellant had been deported to Mexico on seven occasions. Additionally, Appellant had a lengthy and serious criminal history. This Court has rejected claims of plausibility of receiving immigration relief in the form of withdrawal of application for admission from defendants with far fewer negative factors. *See United States v. Barajas-Alvarado*, 655 F.3d 1077, 1090-91 (9th Cir. 2011). Appellant failed to carry his burden to show relief was plausible. Rather, his record establishes the opposite.

## II.

The district court did not abuse its discretion by admitting the Google Earth images. *See United States v. Workinger*, 90 F.3d 1409, 1412 (9th Cir. 1996)

2

(evidentiary rulings are reviewed for abuse of discretion). At trial, Agent Calligros satisfied the minimal burden to authenticate the Google Earth images by confirming that the photographs accurately depicted the area, the location of the border, and the approximate location where he arrested Nava. Agent Calligros testified about the many ways he knew the boundary line on the images was accurate: he regularly patrolled the area, and had done so for approximately a year and a half; he had hiked along the length of the border; and he had received training on the location of the border wherein he went to the border, and afterwards was shown the border on Google Maps by his field trainer. Agent Calligros testified that he had used a GPS device issued by United States Border Patrol to generate the coordinates, which were then plotted into Google Earth. Those coordinates corresponded with Agent Calligros' testimony about the location of Nava's arrest without reference to the Google Earth markings. Agent Calligros repeatedly identified the location based on his recollection of the arrest and his knowledge of the area. His testimony thus tended to show that the images accurately identified what they purported to identify.

## III.

The district court did not abuse its discretion by denying Appellant's motion for a new trial based on juror bias. *See United States v. Hayat*, 710 F.3d 875, 885

3

(9th Cir. 2013) (denial of a motion for new trial based on juror bias is reviewed for abuse of discretion). Appellant argues that *McDonough*[1]-style bias was present, but the record contains no evidence that the juror was dishonest. No affidavit or record of an interview with the juror has been filed. There is no evidence that the juror remembered that the defendant in the trial before him was the same defendant in the previous matter. Nava's contention that the juror affirmatively lied is purely speculative—he does not point to anything in the record that supports his contention.

**IV.**

The sentence imposed on Count 1 (three years of supervised release) was unlawful because it exceeded the statutory maximum. An offense under 8 U.S.C. § 1325 is a Class E felony because the statutory maximum of two years is less than five years but more than one year. 18 U.S.C. § 3559. The authorized term of supervised release for a Class E felony is one year. 18 U.S.C. § 3583(b)(3). Thus, the Court vacates the sentence as to Count 1 and remands to permit the district court to enter a term of supervised release that complies with 18 U.S.C. § 3583(b)(3).

---

[1] *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548 (1984).

4

On the facts and circumstances of this case, the district court's imposition of a term of supervised release was not an abuse of discretion, even though it is likely that Appellant will be deported. *See United States v. Valdavinos-Torres*, 704 F.3d 679, 692-93 (9th Cir. 2012); *see also* USSG § 5D1.1(c) & comment. (n.5).

## V.

For all the reasons set forth above, we DENY in part, VACATE in part, and REMAND for further proceedings consistent with this disposition.